# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TAOFEEK QUADRI,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DA-0752-14-0258-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　　Agency. | DATE: March 24, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Taofeek Quadri, Texarkana, Arkansas, pro se.

Craig Paulson, Texarkana, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed his removal based upon his loss of security clearance. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant was an Information Technology Specialist at the agency's Red River Army Depot (RRAD).[2] *See* IAF, Tab 1 at 1, Tab 4 at 22. His position required that he maintain a secret security clearance. IAF, Tab 4 at 101, 104. At some point in 2013, the agency revoked his security clearance. *See id*. at 100. The appellant appealed the revocation to the agency's Personnel Security Appeals Board, but his appeal was denied on November 1, 2013. *Id*.

¶3        On December 4, 2013, the agency proposed the appellant's removal due to the revocation of his security clearance. *Id*. at 98-99. The appellant provided a response to the proposed removal on January 9, 2014. *Id*. at 23 (noting appellant's oral response), 30-49 (appellant's written response), 50-97 (documents submitted in support of appellant's response). On January 21, 2014, the agency issued its decision to remove the appellant due to the revocation of his security clearance. *Id*. at 22 (Standard Form 50), 23-29 (decision letter).

---

[2] In a prior Board appeal, the agency removed the appellant for failure to follow instructions, but the administrative judge mitigated the removal to a 15-day suspension. *See Quadri v. Department of the Army*, MSPB Docket No. DA-0752-12-0624-I-1, Initial Decision (July 3, 2013); Initial Appeal File (IAF), Tab 4 at 67-95.

¶4        The appellant appealed his removal to the Board.  IAF, Tab 1.  The administrative judge affirmed the removal.[3]  IAF, Tab 24, Initial Decision (ID).  The appellant has filed a petition for review.[4]  Petition for Review (PFR) File, Tab 3.  The agency has filed a response, and the appellant has replied.  PFR File, Tabs 5-6.

¶5        Generally, in an appeal of an adverse action based on the denial or revocation of a security clearance, the Board may only review whether:  (1) the employee's position required a security clearance; (2) the clearance was denied or revoked; and (3) the employee was provided with the procedural protections specified in 5 U.S.C. § 7513.  *See Ulep v. Department of the Army*, 120 M.S.P.R. 579, ¶ 4 (2014); *see also Department of the Navy v. Egan*, 484 U.S. 518, 530-31 (1988).  The Board may also review whether the agency complied with its own procedures in imposing an adverse action based on a security clearance.  *Romero v. Department of Defense*, 527 F.3d 1324, 1328-29 (Fed. Cir. 2008); *Ulep*, 120 M.S.P.R. 579, ¶ 4.

¶6        Here, the appellant does not dispute that his position required a security clearance, that his clearance was revoked, or that the agency provided the procedural protections required by statute.  Instead, on review, the appellant argues that the agency's action was retaliation for a protected disclosure; the agency did not comply with its own regulations; agency officials submitted false information in concert with his appeal; and the administrative judge denied him due process.  *See* PFR File, Tab 3 at 4-8.

---

[3] Although the appellant initially requested a hearing, he later withdrew that request.  IAF, Tab 1 at 2, Tab 18 at 4.  Accordingly, the administrative judge issued the decision on the written record, without a hearing.

[4] Although he raised the issues below, the appellant did not present any argument of racial discrimination, national origin discrimination, equal employment opportunity (EEO) reprisal, or violation of a merit system principle in his petition for review.  *See, e.g.*, IAF, Tab 1 at 3, Tab 13 at 4-8; PFR File, Tab 3.  Therefore, we will not revisit the administrative judge's well-reasoned findings as to those arguments.  *See* ID at 5-8.

## The Board will not consider the appellant's allegation of whistleblower reprisal.

¶7 For the first time, the appellant argues on review that he made a protected disclosure of gross mismanagement to his RRAD commander in 2011,[5] and that the revocation of his security clearance was retaliation for the same. PFR File, Tab 3 at 4. We will not consider the argument.

¶8 In his initial appeal, the appellant presented arguments of discrimination based upon race and national origin, reprisal for prior EEO activity, and harmful procedural error. *See* IAF, Tab 1 at 3. He later alleged that the agency's action also violated a merit system principle by treating him differently than similarly-situated coworkers. *See* IAF, Tab 12 at 4-5 (responding to the administrative judge's summary of the issues in dispute). However, at no point below did the appellant argue that his removal resulted from a protected disclosure of gross mismanagement. *See* IAF, Tabs 1, 13, 20, 22. Because the appellant has not shown that this argument was previously unavailable, despite due diligence, we need not consider it. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Moreover, even if raised below, the Board will not consider an affirmative defense of reprisal for whistleblowing in the context of an adverse action based on a security clearance determination. *Doe v. Department of Justice*, 121 M.S.P.R. 596, ¶ 10 & n.5 (2014).

---

[5] Although the appellant alleged that he made a protected disclosure of gross mismanagement, he did not identify what this purported disclosure was. *See* PFR File, Tab 3 at 4.

<u>The agency did not err by removing, rather than reassigning, the appellant.</u>

¶9    The appellant has reasserted that it was harmful error for the agency to remove him, rather than reassign him, due to his loss of security clearance. *See* IAF, Tab 1 at 3, Tab 20 at 6; *see also* PFR File, Tab 3 at 5-6.  We disagree.

¶10    As stated above, the Board may not sustain an agency's decision to impose an adverse action if the employee can show harmful error in the application of the agency's procedures in arriving at such decision.  5 U.S.C. § 7701(c)(2)(A); *Ulep*, 120 M.S.P.R. 579, ¶ 6 (reversing an indefinite suspension based on the decision to informally suspend the appellant's security clearance because the agency failed to comply with any of the procedures that its regulations required prior to instituting an adverse action); *Schnedar v. Department of the Air Force*, 120 M.S.P.R. 516, ¶ 12 (2014) (reversing an indefinite suspension based on the revocation of the appellant's security clearance because the suspension was effected prior to the appellant's receipt of a Personnel Security Appeals Board decision, in violation of agency regulations).  However, the Board may only review whether an employee's transfer to a nonsensitive position is feasible where a statute or regulation provides the employee a substantive right to such a reassignment.  *Schnedar*, 120 M.S.P.R. 516, ¶ 7 n.1 (citing *Griffin v. Defense Mapping Agency*, 864 F.2d 1579, 1580 (Fed. Cir. 1989)).

¶11    The appellant bears the burden of proof by preponderant evidence with regard to establishing harmful error.  5 C.F.R. § 1201.56(a)(2)(iii), (b)(1), (c)(3).[6]  Below, the appellant argued that the agency had a "common practice of reassigning, rather than removing, employees whose security clearances have been suspended, revoked, or otherwise removed."  IAF, Tab 13 at 7-8, Tab 20 at 6, Tab 22 at 10.  However, he provided no evidence of this purported practice, other than his own assertion.  In addition, while he alleged that such reassignment

---

[6] Effective March 30, 2015, 5 C.F.R. § 1201.56 is amended, but the changes do not affect the appellant's burden of proof regarding an allegation of harmful error.  80 Fed. Reg. 4489, 4496 (Jan. 28, 2015).

was common practice, he failed to point to any requirement of the same. By comparison, the agency presented sworn statements from agency officials indicating that they were not aware of anyone at the appellant's installation being reassigned, rather than removed, after losing a security clearance and that they were not aware of any requirement of the same. IAF, Tab 21 at 12, 17-18.

¶12     On review, the appellant presented new argument and evidence in support of his argument that the agency should have reassigned, rather than removed, him. *See* PFR File, Tab 3 at 6, 9. He alleged that the agency did not comply with the procedures established at "DoD 5200.2-R stat[ing] at DL1.1.30: '. . . reassignment to a position of lesser sensitivity or to a nonsensitive position . . . .'" *Id*. at 6. In addition, he submitted a sworn statement by a former RRAD employee, C.C., claiming that she was aware of employees being accommodated in nonsecurity clearance positions after losing or failing to get a clearance during her 25-year career. *Id*. at 9.

¶13     Again, the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks*, 4 M.S.P.R. at 271. In addition, the Board ordinarily will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).

¶14     Here, the appellant has not shown that his new argument or evidence was previously unavailable, despite due diligence. He provided no explanation for the new argument, and his only explanation for the new evidence, C.C.'s affidavit, was that he ran into C.C. at a restaurant after the initial decision was issued. *See* PFR File, Tab 6 at 3. Moreover, even if we were to consider the appellant's new argument and evidence, neither warrants a different result. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight

to warrant an outcome different from that of the initial decision). In the absence of any context, the appellant's quotation of an agency regulation purportedly stating "reassignment to a position of lesser sensitivity or to a nonsensitive position" is meaningless, and the sworn statement from C.C. contains no indication that a statute or regulation mandated that the agency consider reassigning him. Accordingly, the appellant has not shown that the agency erred by removing, rather than reassigning, him after his security clearance was revoked because he has not shown that the agency was required to do so.

The appellant has not shown that the initial decision was tainted by perjury.

¶15      The appellant next suggests that agency officials committed perjury, violating the Uniform Code of Military Justice in the process. *See* PFR File, Tab 3 at 5, 7, Subtab JN2 at 3-9. We find no merit to the argument.

¶16      As best we understand his argument, agency officials were untruthful in submitting sworn statements indicating that they were not required to consider reassigning, rather than removing, the appellant. *See* PFR File, Tab 3, Subtab JN2 at 3-4. However, as discussed above, the appellant has not shown that this was a requirement. Therefore, while the appellant suggests that agency officials were untruthful, he has failed to present any persuasive proof of this allegation.

¶17      Next, the appellant asserts that when an agency official reviewed whether the agency had reassigned, rather than removed, anyone for losing their clearance, she erred by limiting that review from 2007 through the present. *Id*. at 5; IAF, Tab 21 at 19. However, the appellant has not shown how any earlier information would have been relevant or that the agency nefariously limited the scope of the information provided. Instead, it is evident that the agency official limited the scope of her review consistent with the appellant's discovery request. *See* IAF, Tab 14 at 5 (appellant interrogatory requesting information regarding the revocation of any employee clearance "from 2007 to present").

¶18     The appellant's remaining assertions, suggesting that agency officials were otherwise untruthful, are similarly meritless. *See* PFR File, Tab 3, Subtab JN2 at 6-9. They are bare allegations, without support, and do not qualify as a basis for granting his petition for review.

<u>The appellant was not denied due process by virtue of the agency submitting a rebuttal to his final pleadings.</u>

¶19     The appellant asserts that he was denied due process during the proceedings below because he was not given the opportunity to respond to the agency's final submission. *See* PFR File, Tab 3 at 6. He alleges that the administrative judge "relied largely upon agency new and material information in reaching her conclusion." *Id*. We disagree.

¶20     If the appellant waives the right to a hearing, as was the case here, the record will close on the date specified by the administrative judge. *See* 5 C.F.R. § 1201.58(b);[7] *see also* IAF, Tab 18 at 4 (appellant's withdrawal of his hearing request). Once the record closes, additional evidence or argument will ordinarily not be accepted. 5 C.F.R. § 1201.58(c). However, an exception exists for evidence or argument submitted in rebuttal to new evidence or argument submitted by the other party just before the record closed. 5 C.F.R. § 1201.58(c)(2).

¶21     Here, the administrative judge issued an order indicating that the record would close on August 1, 2014, but that parties had until August 12, 2014, to respond to any new argument or evidence submitted just before the August 1, 2014 close of record. IAF, Tab 19 at 1. The appellant and the agency both submitted their final arguments on August 1, 2014, the last day for doing so. IAF, Tabs 20-22. The agency then submitted a rebuttal on August 12, 2014, the deadline set by the administrative judge for doing so. IAF, Tab 23.

---

[7] Effective March 30, 2015, 5 C.F.R. § 1201.58 is redesignated 5 C.F.R. § 1201.59. 80 Fed. Reg. 4489, 4496 (Jan. 28, 2015).

¶22    While the appellant argues in his petition for review that he was not given the opportunity to respond to the agency's August 12, 2014 rebuttal, he has not alleged that he tried to submit a response or that he sought the administrative judge's permission to do so.  Moreover, he did not object to the rebuttal pleading below.  During the 37 days between the agency's rebuttal and the administrative judge's decision, neither party submitted anything.  *Compare* IAF, Tab 23 (agency's August 12, 2014 rebuttal), *with* ID at 1 (initial decision dated September 18, 2014).    In addition, while the appellant alleges that the administrative judge "relied largely" on this rebuttal, PFR File, Tab 3 at 6, the decision suggests otherwise.  The decision does not contain a single citation to the agency's August 12, 2014 rebuttal.  Finally, even if the appellant should have been given the opportunity to respond to the agency's August 12, 2014 rebuttal, as he alleges, the petition for review process presented a sufficient opportunity for doing so.  *See generally Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.  There are several options for further review set forth in the paragraphs below.  You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.   42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims:  Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.